IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| EUGENE SCALIA, <br> SECRETARY OF LABOR, <br><br>   Plaintiff, <br><br> v. <br><br> PRITCHARD MINING COMPANY, INC. and <br> PRITCHARD MINING COMPANY, INC. <br> EMPLOYEE HEALTH BENEFIT PLAN, <br><br>   Defendants. | CIVIL NO. 2:20-cv-00161 |

## COMPLAINT

Plaintiff Eugene Scalia, the Secretary of Labor (the "Secretary"), brings this civil action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq*., to obtain relief in the form of a surcharge and other equitable remedies to redress violations and breaches of fiduciary duties under ERISA, and to obtain such further equitable relief as may be appropriate to enforce Title I of ERISA.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 29 U.S.C. § 1132(e)(1) over this civil action brought by the Secretary to enforce Title I of ERISA.

2. Venue lies in this district under 29 U.S.C. § 1132(e)(2) because Defendant Pritchard Mining Company, Inc. is organized under the laws of West Virginia with its principal office located in Chesapeake, Kanawha County, West Virginia, which is located within this district.

### THE PARTIES

3. Under 29 U.S.C. §§ 1132(a)(2), (5), the Secretary has the authority to enforce Title I of ERISA by filing civil actions to obtain remedies redressing violations of the statute.

4. Pritchard Mining Company, Inc. ("Pritchard Mining" or the "Company") is an entity organized under the laws of West Virginia, with offices located in Chesapeake, West Virginia.

5. The Pritchard Mining Company, Inc. Employee Health Benefit Plan (the "Welfare Plan") is an employee welfare benefit plan, as defined under ERISA. 29 U.S.C. § 1002(1). Pritchard Mining established and maintained the Welfare Plan to pay the incurred medical expenses of the Company's employees and their beneficiaries. The Welfare Plan is named as a defendant in this action for the purpose of ensuring complete relief among the parties under Federal Rule of Civil Procedure 19.

**FACTUAL ALLEGATIONS**

6. From May 1, 2005, through September 30, 2017, the Company maintained and administered the Welfare Plan as a self-insured arrangement in which the Company was required to pay from its general assets all qualifying, incurred medical expenses of the Welfare Plan's participants and beneficiaries.

7. Pritchard Mining adopted the Plan Document and Summary Plan Description, effective May 1, 2005 ("Plan Document") governing the management and administration of the Welfare Plan. The Plan Document identified the Welfare Plan as a self-insured arrangement based, in part, on funding from the Company's general assets. The Plan Document also named Pritchard Mining as the Plan Administrator with final authority to determine the eligibility for and dispensation of benefits under the Welfare Plan.

8. Under the Third Party Administrator Agreement between Pritchard Mining and Benefits Assistance Corporation, effective August 16, 2010 ("TPA Agreement"), Pritchard Mining was required to fund all medical claims within forty-five days of the claim's approval. Under the TPA Agreement, Benefits Assistance Corporation acted as the Welfare Plan's claims

administrator.  Benefits Assistance Corporation was not responsible for funding the Welfare Plan.

9.  As of January 1, 2016, Pritchard Mining amended the Welfare Plan to require employees to make monthly contributions to the Plan, which the Company withheld from the employees' paychecks.  After January 1, 2016, Pritchard Mining continued to be required under the Plan Document to make contributions from its general assets to the Welfare Plan to ensure that the Welfare Plan met its obligations to pay the incurred medical expenses of the Plan's participants and beneficiaries.

10.  After January 1, 2016, Pritchard Mining withheld and retained in the Company's general operating account the employee participants' wage contributions intended for the Welfare Plan.

11.  From January 2016 through September 2017, Pritchard Mining failed to fund adequately the Welfare Plan, resulting in the Plan's inability to pay for all of the qualified, incurred medical expenses of the Plan's participants and beneficiaries.

12.  From January 2016 through September 2017, Pritchard Mining failed to remit $853,805.70 to the Welfare Plan to cover the qualified, incurred medical expenses of the Plan's participants and beneficiaries.  As a result, several participants and beneficiaries of the Welfare Plan incurred medical expenses covered by the terms of the Plan that Pritichard Mining and the Welfare Plan failed to pay.

## CAUSES OF ACTION

### COUNT I

**Fiduciary Breaches Relating to Lapsed Healthcare Coverage**

13. The Secretary re-alleges and incorporates by reference Paragraphs 1 through 12 of this Complaint.

14. The Welfare Plan is an employee welfare benefit plan. 29 U.S.C. § 1002(1).

15. As the named fiduciary and Plan Administrator, Pritchard Mining is a fiduciary of the Welfare Plan. 29 U.S.C. §§ 1002(16)(A)(i), 1102(a)(2).

16. By failing to fund adequately the Welfare Plan to maintain healthcare coverage for the Plan's participants, the Company breached its fiduciary duties to implement and administer the Plan prudently and in the interest of the Plan's participants. 29 U.S.C. § 1104(a)(1)(A)-(B).

17. By failing to fund adequately the Welfare Plan to maintain healthcare coverage for the Plan's participants, the Company breached its duties to follow the terms of the Plan Document. 29 U.S.C. § 1104(a)(1)(D).

18. By failing to fund adequately the Welfare Plan and the Company's related failure to pay the medical expenses of the Plan's participants, the Company improperly and imprudently denied the valid claims filed by or on behalf of the Plan's participants and beneficiaries. 29 U.S.C. § 1104(a)(1)(B) & (D); 29 C.F.R. § 2560.503-1(m)(4)(i).

19. As a result of the fiduciary breaches of the Company, it caused the Welfare Plan's participants to suffer a lapse in healthcare coverage and incur related losses in the form of unpaid medical expenses.

20. As a result of the foregoing fiduciary breaches, the Welfare Plan's participants are entitled to a surcharge remedy against the Company to compensate them for losses in healthcare expense coverage.  29 U.S.C. § 1132(a)(5).

21. As a result of the losses incurred by the Welfare Plan in connection with the Company's fiduciary breaches, the Company is required to restore any related losses to the Welfare Plan.  29 U.S.C. § 1109(a).

## COUNT II

### Prohibited Transactions

22. The Secretary re-alleges and incorporates by reference Paragraphs 1 through 21 of this Complaint.

23. As the employer and Plan Administrator, the Company is a party in interest to the Welfare Plan.  29 U.S.C. § 1002(14)(A), (C).

24. While acting as a fiduciary of the Welfare Plan, the Company caused the Plan to engage in prohibited transactions with a fiduciary and party in interest by lending money or extending credit to the Company from the Plan in the form of deferrals or waivers of the Company's continuing obligation to fund the Welfare Plan.  29 U.S.C. § 1106(a)(1)(B).

25. As a result of the foregoing prohibited transactions, the Company must disgorge to the Welfare Plan any profits or unjust enrichment the Company received in connection with its prohibited transactions.  29 U.S.C. § 1132(a)(5).

26. As a result of the losses incurred by the Welfare Plan in connection with the Company's prohibited transactions, the Company is required to restore any resulting losses to the Welfare Plan.  29 U.S.C. § 1109(a).

**PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays that this Court enter an Order:

A. Requiring Pritchard Mining to restore all losses caused to the Welfare Plan including interest or lost opportunity costs and the costs of an independent fiduciary, as a result of their fiduciary breaches and prohibited transactions;

B. Imposing a surcharge remedy on the Company to compensate the Welfare Plan's participants and beneficiaries for incurred medical expenses.

C. Requiring the Company to disgorge any profits in connection with its prohibited transactions.

D. Removing the Company as the administrator and fiduciary of the Welfare Plan;

E. Appointing an independent fiduciary with plenary authority and control over the management and administration of the Welfare Plan, including the authority to marshal assets on behalf of the Plan, to pursue claims on behalf of the Plan, and to take all appropriate action for the termination of the Plan and distributing benefits to the Plan's participants and beneficiaries, with all costs to be borne by the Company;

F. Ordering the Company, its agents, employees, service providers, banks, accountants, and attorneys to provide the Secretary and the independent fiduciary with all of the books, documents, and records relating to the finances and administration of the Welfare Plan, and to make an accounting to the Secretary and to the independent fiduciary of all contributions to the Plan and all transfers, payments, or expenses incurred or paid in connection with the Plan;

G. Awarding the Secretary the costs incurred in this civil action; and

H. Awarding such other relief as is equitable and just.

Dated: March 4, 2020

Respectfully submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

OSCAR L. HAMPTON III
Regional Solicitor of Labor

JODEEN M. HOBBS
Regional Counsel for ERISA

s/ Geoffrey Forney
GEOFFREY FORNEY
Senior Trial Attorney
United States Department of Labor
Suite 630 East, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106
215-861-5137/ forney.geoffrey@dol.gov