IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

EUGENE SCALIA,
SECRETARY OF LABOR,

    Plaintiff,

v.

PRITCHARD MINING COMPANY, INC., and
PRITCHARD MINING COMPANY, INC.
EMPLOYEE HEALTH BENEFIT PLAN,

    Defendants.

CIVIL NO. 2:20-cv-00161

## CONSENT JUDGMENT

Plaintiff Eugene Scalia, Secretary of Labor (the "Secretary"), filed a Complaint in this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging fiduciary breaches and prohibited transactions by Defendant Pritchard Mining Company, Inc. ("Pritchard Mining") in connection with the administration of the Pritchard Mining Company, Inc. Employee Health Benefit Plan (the "Plan").

The Secretary, through counsel, has engaged in settlement discussions with Pritchard Mining, through its counsel, and the parties have agreed to resolve the claims in the Complaint without further litigation. Pritchard Mining consents to the entry of this Consent Judgment against it by this Court, the terms of which are set forth herein.

1. The Secretary's Complaint alleges that Pritchard Mining violated 29 U.S.C. §§ 1104 and 1106, by failing to, among other things, prudently administer the Plan, properly fund the Plan, and pay the medical claims of the Plan's participants, as required under the terms of the Plan.

2. Pritchard Mining received a copy of the Complaint and has waived service of the Complaint and Summons under Federal Rule of Civil Procedure 4. Pritchard Mining also waives any right to answer or otherwise respond to the Complaint.

3. For purposes of this Consent Judgment, Pritchard Mining admits that the Court has jurisdiction over it and the subject matter of this action.

4. The Secretary has agreed to resolve all claims asserted in the Complaint against Pritchard Mining in exchange for the agreements and relief set forth in this Consent Judgment.

5. The Secretary and Pritchard Mining understand and agree that entry of this Consent Judgment is without prejudice to the Secretary's right to investigate and redress violations of ERISA, if any, not alleged in the Complaint, including the Secretary's right to institute future enforcement actions with respect to any other such matter. It is further understood that this paragraph shall not constitute a waiver by Pritchard Mining of any defenses, legal or equitable, to any such future action.

6. The Secretary and Pritchard Mining intend this Consent Judgment to constitute the complete, exclusive, and fully integrated statement of their agreement. As such, this Consent Judgment is the sole repository of the Secretary and Pritchard Mining's agreement and they are not bound by any other agreements, promises, statements, representations, or writings of any kind or nature.

7. This Consent Judgment may be signed in multiple counterparts and transmitted by facsimile or by electronic mail or by any other electronic means intended to preserve the original graphic and pictorial appearance of a party's signature, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. This

Consent Judgment is only valid if signed by the Secretary and Pritchard Mining, or their designated representatives.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

A. This Court has jurisdiction over this action and over Pritchard Mining.

B. Pritchard Mining shall restore $506,652.05 to the Plan as restitution, and shall further restore $13,625 to the Plan for the costs and expenses of employing Metro Benefits, Inc, the Court-appointed independent fiduciary, in accordance with the payment schedule in Paragraph (C).

C. Pritchard Mining shall restore a total amount of $520,277.05, as provided in Paragraph (B), to the Plan through the Court-appointed independent fiduciary, Metro Benefits, Inc, located at 8150 Perry Highway, Suite 311, Pittsburgh, PA 15237, under the following payment schedule, beginning on February 17, 2020:

| | |
|---|---|
| February 17, 2020: | $2,500 |
| March 16, 2020: | $2,500 |
| April 16, 2020: | $3,000 |
| May 15, 2020: | $3,000 |
| June 16, 2020: | $3,000 |
| July 16, 2020: | $7,500 |

On the 16th day of each and every month after July 2020, Pritchard Mining shall make monthly payments in the amount of $7,500 to Metro Benefits, Inc. Pritchard Mining shall continue to pay monthly installment payments of $7,500 to Metro Benefits, Inc. on the 16th day of each and every month after July 2020 until Pritchard Mining has paid a total of $520,277.05 to the Plan through Metro Benefits, Inc.

D. In the event Pritchard Mining fails to make any installment payment as provided in Paragraph (C), the entire balance then owing under Paragraph (B), plus interest to be calculated at the post-judgment rate of interest in effect at the time of the entry of this Consent Judgment and reasonable attorneys' fees, is immediately due and payable to the Plan through Metro Benefits, Inc.

E. As of the date of entry of this Consent Judgment, Pritchard Mining shall not bail, pledge, hypothecate, assign, grant a possessory security interest in, nor offer the bond held by First Surety Corporation in Collateral Account # 4295-3784 in the name of Pritchard Mining (the "Collateral Bond") as collateral to any person or entity. The restriction under this Paragraph (E) has no effect on already existing security agreements or possessory security interests relating to the Collateral Bond in effect before the entry of this Consent Judgment.

F. In the event Pritchard Mining no longer has an obligation secured by the Collateral Bond, it shall within ten business days send a written demand to any person or entity holding a security interest or lien on the Collateral Bond under a financing statement to file a termination statement in the filing office or offices where any financing statement or lien has been filed by the secured party of record.

G. In the event Pritchard Mining no longer has an obligation secured by the Collateral Bond, it shall within ten business days obtain the return, possession, and control of the Collateral Bond from any person or entity who has a possessory security interest in the Collateral Bond by possession or control.

H. Within thirty days of fulfilling the conditions under Paragraph (F) or Paragraph (G), whichever is applicable, Pritchard Mining shall sell or redeem the Collateral Bond and use the proceeds of the sale or redemption to pay any outstanding restitution due under Paragraph (B) by

delivering the proceeds of the sale or redemption in one lump sum to the Plan through Metro Benefits, Inc. within ten days of receiving the proceeds of the sale or redemption.

I. If Pritchard Mining files for any form of bankruptcy protection before making full payment of restitution as provided in Paragraph (B), Pritchard Mining shall not oppose any proof of claim that the Secretary files in the bankruptcy proceeding for any amount still owing under Paragraph (B).

J. The Employee Benefits Security Administration has approved Pritchard Mining's request for a waiver of the statutory penalties under 29 U.S.C. § 1132(l), contingent upon Pritchard Mining's meeting the following conditions and requirements:

(1) making full payment of restitution and costs in Paragraph (B);

(2) making all the installment payments in compliance with Paragraph (C);

(3) complying with the negative pledge requirement in Paragraph (E); and,

(4) complying with the required sale of the Collateral Bond in Paragraph (H).

In the event Pritchard Mining fails to comply with any of the conditions in this Paragraph (J), the Employee Benefits Security Administration shall assess against Pritchard Mining a penalty of $101,325 under 29 U.S.C. § 1132(l), which represents twenty (20) percent of the applicable recovery amount under Paragraph (B). In the event the Employee Benefits Security Administration assesses a penalty under this Paragraph (J), Pritchard Mining hereby waives the notice of assessment and service requirement of 29 C.F.R. § 2570.83, and waives all legal rights to appeal, contest, or seek a further reduction of the penalty under 29 U.S.C. § 1132(l). Pritchard Mining shall pay the entire penalty amount under this Paragraph (J) within ten (10) business days of receiving notification of the penalty amount from the Employee Benefits Security Administration. Pritchard Mining shall make payment of the entire penalty amount by check

made payable to the "United States Department of Labor" and mailed (by United States Postal Service, First Class Mail, not a private carrier) to the United States Department of Labor, ERISA Civil Penalty, P.O. Box 6200-36, Portland, OR 97228-6200. Pritchard Mining shall make a notation reading "EBSA Case No. 22-015655" on the check.

K. Pritchard Mining is removed as the Plan's Administrator.

L. Metro Benefits, Inc. (the "Independent Fiduciary") is appointed as the independent fiduciary of the Plan with plenary authority over Plan administration, management and disposition of the Plan's assets, including termination of the Plan. The Independent Fiduciary shall be compensated for the performance of its duties and costs incurred in the amount of $13,625. That amount shall be paid from the Plan's assets, but Pritchard Mining shall reimburse the Plan in that same amount as provided in Paragraph (B).

M. The Independent Fiduciary shall collect, marshal, and administer all of the Plan's assets, evaluate all claims outstanding against it, and pay the assets out to participants and other creditors of the Plan. The Independent Fiduciary shall take such further actions with respect to the Plan as may be appropriate.

N. The Independent Fiduciary shall have all the powers to do the things that are necessary and appropriate to administer and terminate the Plan.

O. The Independent Fiduciary shall develop a plan for equitable adjudication and payment of outstanding participant claims for benefits. In developing this plan, the Independent Fiduciary shall consider the best interests of participants and beneficiaries of the Plan, and the resources expected to be available to the Plan. The Independent Fiduciary shall not be bound by any current or historic procedures or policies of the Plan that conflict with any duties of a trustee, fiduciary, or administrator under ERISA.

P. The Independent Fiduciary is empowered to require all custodians or record keepers of the Plan to deliver or otherwise make available to the Independent Fiduciary any information, documents, files or other compilations, wherever and however stored, that are reasonably necessary to perform the duties of the Independent Fiduciary under this Consent Judgment.

Q. The Independent Fiduciary is empowered to give instructions to asset custodians respecting the disposition of assets of the Plan held by them.

R. The Independent Fiduciary shall distribute or cause the distribution of the assets of the Plan in accordance with applicable plan instruments and Federal law.

S. Pritchard Mining and the Plan, their agents, representatives, servants and employees and all persons acting by or under any of their authority shall cooperate with the Independent Fiduciary in the performance of its duties. Pritchard Mining and the Plan shall provide their full cooperation to the Independent Fiduciary relative to any need for participant or financial data that may exist with regard to any record of the Plan.

T. Pritchard Mining and any of its agents, beneficiaries, representatives, assigns, and successors in interest, hereby release the Secretary and the Secretary's officers, agents, attorneys, employees, and representatives, both in their individual and official capacities, from all actions, claims, and demands of whatsoever nature, including those arising under any statute, rule, regulation, or common law, that relate in any manner to the filing, prosecution, and maintenance of this civil action or any other proceeding or investigation relating to or in connection with this civil action. Pritchard Mining also expressly waives any and all claims of any nature that it may have against the Secretary, the Department of Labor, or any of the Secretary's officers, agents, attorneys, employees, or representatives under the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

U. The Secretary and Pritchard Mining shall each bear their own costs, expenses, and attorney's fees incurred to date in connection with any stage of this proceeding.

V. This Consent Judgment shall operate as a final disposition of all claims asserted by the Secretary against Pritchard Mining in the Complaint.

W. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

X. This Court retains jurisdiction over this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Y. The Court directs the entry of this Consent Judgment as a final order pursuant to Federal Rule of Civil Procedure 54.

Entered on this __13th__ day of ____March____, 2020:

                                                     John T. Copenhaver, Jr.
                                                     Senior United States District Judge

Pritchard Mining's undersigned attorney represents that he is authorized to sign this Consent Judgment on behalf of the company and has fully disclosed any conflicts of interest relating to his representation of Pritchard Mining in connection with signing this Consent Judgment.

This Consent Judgment is only valid if signed by all of the parties, or their designated representatives, and approved and entered by the Court.

Each party has entered into and agrees to the foregoing Consent Judgment, as witnessed and executed by themselves or their duly authorized representatives:

Waiving any answer to the Complaint,
Defendant Pritchard Mining Company, Inc.
consents to entry of this Consent Judgment:

/s/ David A. Hoyer
DAVID A. HOYER
Hoyer, Hoyer & Smith, PLLC
22 Capitol Street
Charleston, WV 25301
304-344-9821 / david@hhsmlaw.com

Attorney for Pritchard Mining Company, Inc.

Dated: 2/8/20

KATE S. O'SCANNLAIN
Solicitor of Labor

OSCAR L. HAMPTON III
Regional Solicitor of Labor

JODEEN M. HOBBS
Regional Counsel for ERISA

/s/ Geoffrey Forney
GEOFFREY FORNEY
Senior Trial Attorney
United States Department of Labor
Suite 630 East, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106
215-861-5137
forney.geoffrey@dol.gov

Attorneys for the Secretary of Labor

Dated: 3/3/20

9